# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**TONI BORDEN ON BEHALF OF HER**
**CHILDREN, SHAKIRA THOMAS AND JAMEEL**
**MUHAMMAD, BOTH MINORS**                             **PLAINTIFFS**

**v.**                                    Civil Action No.: __3:20-cv-682-HTW__-LRA

**CITY OF CANTON, MISSISSIPPI,**
**OTHA BROWN, individually and as Chief**
**of Police for City of Canton, JASMINE KING,**
**individually and as an Officer of City of**
**Canton, JEREMY GOODMAN, individually**
**and as an Officer of City of Canton**                **DEFENDANTS**

## COMPLAINT
(Jury Trial Demanded)

1. This Complaint is brought by Toni Borden on behalf of her children, Shakira Thomas and Jameel Muhammad, both minors, acting by and through their undersigned counsel, against City of Canton, Mississippi, Otha Brown individually and as Chief of Police for City of Canton, Jasmine King individually and as an Officer of City of Canton, and Jeremy Goodman individually and as an Officer of City of Canton (hereinafter "Defendants").

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332 and 1343, as well as 42 U.S.C. §1983. Subject matter jurisdiction is appropriate in federal court since a federal question is raised pursuant to the 8th and 14th Amendments to the United States Constitution.

3. Venue is appropriate in this Court under §1391(b) and § 1392, as all acts and/or omissions occurred in Madison County, Mississippi, which is located within the Southern District of the United States District Court, Northern Division.

## PARTIES

4. Plaintiff Toni Borden is an adult resident citizen of the State of Mississippi, residing in Washington County, Mississippi. At all times relevant herein, Toni Borden is the mother of Shakira Thomas and Jameel Muhammad, both minors herein.

5. Defendant, City of Canton is located within Madison County. City of Canton manages and operates the Canton Police Department. The City is a governmental entity created by statute and is located at 200 Park Drive, Canton, Mississippi 39046. City of Canton and its Chief, Otha Brown, have the responsibility for providing safe and humane care/treatment consistent all appropriate community policing standards. At all times material, City of Canton had a non-delegable duty to provide (and to reasonably assist to provide) citizens, including Minor, with appropriate medical care and treatment from qualified medical providers that meets a community standard of care and to protect citizens, including Minor, from legal violations such as the kind alleged in this Complaint. In the alternative and in addition, the City of Canton had a non-delegable duty to appropriately respond to situations where a citizen was in need of medical care and/or in need of care due to physical health whether due to the officer's actions or otherwise. They had the non-delegable duty to assure such citizens were safely and appropriately dealt with, so as not to unnecessarily risk further injury or even death, and to assure such situations would be handled in such a manner that did not evidence reckless disregard to standards

of community policing, negligence and gross negligence. They had the non-delegable duty to refrain themselves taking inappropriate and/or unsafe and/or violent actions that unnecessarily risked serious injury or death when responding to such a situation as described in the facts below. They also had the non-delegable duty to use care in handling an ultimately physical health crisis within standards that served the community and did not unnecessarily risk severe injury. Defendant City of Canton is subject to the in personam jurisdiction of this Court by service of process upon its City Clerk, John W. Carroll, Sr. at 226 East Peace Street, Canton, Mississippi 39046.

6. Upon information or belief, Defendant Chief Otha Brown ("Chief Brown"), is an adult resident citizen of Madison County, Mississippi, who may be served with process at his place of employment (200 Park Drive, Canton, Mississippi 39046) or his residence.

7. Upon information and belief, Defendant Officer Jasmine King ("Officer King"), is an adult resident citizen of Madison County, Mississippi, who may be served with process at her place of employment (200 Park Drive, Canton, Mississippi 39046) or her residence.

8. Upon information and belief, Defendant Officer Jeremy Goodman ("Officer Goodman"), is an adult resident citizen of Madison County, Mississippi, who may be served with process at his place of employment (200 Park Drive, Canton, Mississippi 30946) or his residence.

**FACTS**

9. On or about October 14th, 2019, Shakira, a sixteen (16) year old, drove to the Piggly Wiggly in Canton, Mississippi in response to a phone call that her brother, Jameel (fourteen years old), had been shot.

10. Upon her arrival to the scene, she learned that the ambulance had already been dispatched to their location at the Piggly Wiggly. At all times relevant herein, Defendant Officers King and Goodman were both present on the scene.

11. Defendant Officers King and Goodman then ordered Shakira to drive to the hospital as they would be her escorts to the location. The weather conditions on this date was very rainy and wet.

12. Defendant Officers King and Goodman traveled down the highway at a speed of 100mph or better (with the blue lights and sirens activated), as Shakira tried to keep up in route to the hospital. Due to the defendant officers' refusal to wait for the ambulance service, Shakira lost control of the vehicle, causing serious injuries to both herself and her brother, Jameel. The injuries sustained include, but are not limited to, broken bones and need for facial reconstruction surgery.

13. Further, it a Canton Police Department policy that officers are not to escort vehicles. Defendant officers violated their job responsibilities when they negligently decided to escort Shakira and without confirming that she was, in fact, a valid driver.

14. Defendant City officers were negligent, grossly negligent and reckless for those reasons. The officers failed to render appropriate assistance for the physical issues Jameel was suffering from. He suffered clear physical injuries and the officers acted in reckless disregard, negligence and gross negligence in failing to reasonably assist

him, care for him, and apply reasonably safe community policing measures. Thus, Plaintiffs suffered injuries and damages.

15. At all relevant times, Defendants were on duty at the Canton Police Department.

16. At all relevant times, Defendant Chief Brown was the commanding officer throughout the entire incident and responsible for the actions and/or omissions of the aforementioned police officers. He was also responsible for insuring that Shakira and Jameel were kept safe while interacting and in the company of Canton Police Department. Chief Brown failed to keep Shakira safe from harm caused by the acts of those under his command.

17. The resulting injuries and damages sustained by Plaintiffs was caused solely by the Defendants, in violation of, Mississippi State law and without any cause, provocation, or negligence on the part of Plaintiffs contributing thereto.

18. At all times, Plaintiffs were in the zone of danger and damages to her were reasonably foreseeable as a result of all of Defendants actions and inactions referred to in this Complaint when considering the treatment of her child and the logical and foreseeable effects of it on her.

## FIRST COUNT AND CAUSE OF ACTION
### (§1983 Claim: Episodic Acts or Omissions)

19. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 18, inclusive, as if fully set forth herein.

20. Some of the policies, customs and practices of the City of Canton included, but were not limited to:

    A. Ignoring the City's own rules concerning escort of vehicles;

    B. Delay in accommodating the serious medical conditions of obvious physically injured civilian;

    C. Refusing to wait for medical assistance, i.e. ambulance service, to render medical treatment to seriously injured civilian;

    D. Inadequate and improper training, hiring, supervision and discipline of police officers.

21. The policies, practices and customs set forth in the preceding paragraphs, as well as others which may come to light in the course of this litigation, resulted in numerous, repeated, pervasive and persistent deprivations of civilian rights to reasonable, adequate and timely medical care, under both the Eighth and Fourteenth Amendments. The Plaintiffs suffered numerous deprivations of his right to reasonable, adequate and timely medical care due to the actions of these policymakers, their policies, and the police officers.

22. The deprivation of Plaintiffs' rights, as described herein, directly and proximately caused Plaintiff Shakira to suffer severe physical personal injury and damages. These included broken bones and need for facial reconstruction surgery, excruciating pain and suffering, extraordinary mental and emotional pain and anguish, and significant disability and physical impairment which necessitated continuous medical care and treatment.

23. City of Canton, Chief Brown, Officers King and Goodman are jointly and severally liable for the damages, Plaintiffs seek recover of all compensatory damages to which they are entitled. Plaintiffs further seek recover of punitive damages from Officers

King and Goodman in their individual capacities for their callous and reckless disregard for the rights and welfare of the Plaintiffs.

**SECOND COUNT AND CAUSE OF ACTION**
**(Negligent Training, Control of, Hiring, Monitoring, Supervision and Retention**
**As to Defendants City of Canton and Chief Brown)**

24. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 23, inclusive, as if fully set forth herein.

25. At all relevant times, Defendant City of Canton and Chief Brown had a duty to screen applicants for hire to its Canton Police Department. It also had the duty to retain those in its police department that it reasonably believed did not and would not engage in such conduct in the exercise of reasonable care. It had the duty to discharge from its employ those employees who were not fit, suitable, properly trained and instructed, that constituted a potential menace, hazard, or danger to the public, those with vicious propensities and those with emotional, physical, psychological, biased and/or physiological traits or characteristics unsuitable, unstable, or contraindicated for such employment.

26. In the alternative and in addition to duties in the prior paragraph, they had duties to, at the very least, to make sure they exercised reasonable care to train, supervise, and retain officers that maintained standards of community policing that did not include the acts and omissions referred to in the Section of Facts above. They had duties not to retain officers who might engage in such conduct, and/or those who might not have had adequate training or supervision. They had duties to adequately train officers as to standards of community policing that did not risk conduct and effects such as the kind referred to above. They had duties to supervise at all times

so as to assure that, with due care, the events such as the kind which occurred would not occur. In the alternative and in addition, they had duties of reasonable monitoring so that the actions of community policing were carefully monitored and tracked so as to prevent and/or limit the conduct such as the kind which occurred.

27. In the alternative and in addition, they also had duties to assure that their supervision of officers included carrying out reasonable steps so as to assure officers were referred for appropriate discipline and/or punishment including but not limited to the duty to assist, allow, and cause prosecution of the officers involved.

28. Upon information and belief, the individually-named Canton Police Department personnel including King and Goodman that negligently caused injury to Shakira in failing to properly acquire medical assistance for Shakira's brother (a gunshot victim) were improperly trained, and/or supervised and/or monitored and/or retained by Defendants City of Canton and Chief Brown. Furthermore, Plaintiffs reserve the right to claim these individually named Defendants responsible for Plaintiffs' injuries and therefore improperly retained.

29. Defendants, City of Canton and Chief Brown, were grossly negligent and/or wanton in failing to monitor the actions of the Defendant Officers. They further negligently and/or wantonly failed to train the aforementioned Defendants to protect, investigate, interrogate, handle situations of physical distress within appropriate safe standards of community policing. Defendants negligently and/or wantonly failed to properly follow and/or apply their own city and law enforcement rules, ordinances regulations, policies and procedures, as well as state law generally. The

City of Canton, Mississippi and Chief Otha Brown failed to properly supervise the actions of Defendant Officers. In the alternative and in addition, Plaintiffs claim and reserve the right to claim the failures referred to in this Count were grossly negligent and in wanton reckless disregard when all factors are considered as a whole.

30. In the alternative and in addition, Defendant City of Canton and Defendant Chief Brown failed to exercise reasonable measures to appropriately control its officers to reasonably assure they did not engage in acts and omissions referred to above in this Section of Facts. In the alternative and in addition, the officers, themselves failed to take reasonable steps so as to control the situation and to exercise reasonable efforts so as to control each other to prevent, stop, and limit the actions of those officers involved in the contact directly or who played a distinct role in the events causing injuries.

31. Notwithstanding the above, Plaintiffs reserve the right to illustrate further basis for the claims of negligent training, control, hiring, monitoring, supervision, and retention referred to in this Count, and this may be further illustrated in discovery.

32. As a direct and proximate result of the Defendants' negligence, gross negligence and reckless disregard in the ways referred to above and other related ways, the Plaintiffs were caused to suffer insignificant injuries, without fault or contribution by the Plaintiffs.

**THIRD COUNT AND CAUSE OF ACTION**
**(General Negligence, Gross Negligence and Reckless Disregard on the part of Defendants)**

33. Plaintiffs hereby repeat and reallege each and every allegation in paragraph 1 through 32, inclusive, as if fully set forth herein.

34. Defendants negligently and grossly negligently failed to provide for the safety, security and protection of the Plaintiffs by failing to comply with the City's own rules of conduct as it related to escorting vehicles, acquiring medical assistance for physical injuries, the monitoring of civilians and getting medical assistance for civilians in need and/or by failing to appropriately respond to the situation of obvious physical distress within appropriate standards of community policing that did not unnecessarily risk injury. City of Canton had implemented a set of guidelines regarding escorting vehicles, monitoring civilians, getting medical assistance for civilians in need, and responding to situations of obvious physical distress that prohibited the subject acts and omissions against civilians. The policies also required City of Canton officers to monitor civilians and obtain medical care for those civilians who were in obvious need of such care, as well as to appropriately respond to situations of physical distress in such a manner consistent with safe community policing in a manner that did not unnecessarily risk injury. The named Defendants' failure to do so was in violation of these policies and constituted negligence, and gross negligence including the negligent infliction of emotional distress.

35. In the alternative and in addition, Plaintiffs reserve the right to illustrate in discovery and at trial, acts of negligence, gross negligence, and reckless disregard on behalf of Defendants.

36. In the alternative, the officers negligent and grossly negligent failure to adhere to reasonable standards of community policing, failure to handle a health crisis without regard to due care, failure to provide appropriate assistance, failure to take reasonable steps to prevent injury or even death constitutes the basis for negligence and gross negligence claims.

37. In the alternative and in addition, Plaintiffs' claim and reserve the right to claim the failures referred to in this Count were gross negligence and in wanton reckless disregard when all factors are considered as a whole.

38. As a direct and proximate result of the foregoing, Plaintiffs suffered significant injuries including but not limited to pain and suffering, and mental and emotional distress, and other damages to be illustrated at trial.

## FOURTH COUNT AND CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

39. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 38, inclusive, as if fully set forth herein.

40. The conduct of Defendants constituted negligent infliction of emotional distress. Said negligent conduct caused physical injury to Shakira. The acts and/or omissions of Defendant Officers caused Plaintiffs severe emotional distress through Defendants' negligent conduct. Plaintiffs suffered emotional distress and were also placed in a zone of danger as a result of Defendants' acts. Therefore, the acts and/or omissions constitute a negligent infliction of emotional distress as defined under Mississippi law.

41. The above acts and/or omissions constitute negligent infliction of emotional distress and were each a proximate cause of the injuries and damages sustained by the Plaintiffs.

### FIFTH COUNT AND CAUSE OF ACTION
**(Res Ispa Loquitur)**

42. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 41, inclusive, as if fully set forth herein.

43. Plaintiffs fully apply and incorporate the doctrine of *Res Ispa Loquitur,* as more fully defined throughout Mississippi law. The acts and omissions of Defendants would not have occurred in the absence of negligence when considering the officers assumed sole responsibility and control over the handling of events referred to the in the Section of Facts above.

44. At all times, Defendants failed in their duties as more fully described in the above Section of Facts and Counts. The injuries which occurred and the manner in which it occurred would not have occurred in the absence of negligence, and/or gross negligence, and/or reckless disregard. Sufficient circumstances otherwise exist so as to prevent Defendants from arguing that negligence, and/or gross negligence, and/or reckless disregard was not present in the acts and omissions as the actions speak for themselves and create a presumption of breach of duty and negligence and/or gross negligence and/or reckless disregard.

45. In the alternative and in addition, Plaintiffs claim and reserve the right to claim the acts and omission referred to in this Count and incorporated through the section of Facts constituted gross negligence and in wanton reckless disregard when all factors are considered as a whole.

46. As a direct and proximate result of the foregoing, Plaintiffs suffered significant injuries including but not limited to pain and suffering, and mental anguish, as may be further illustrated at trial.

### SIXTH COUNT AND CAUSE OF ACTION
**(Negligence Per Se on the part of Defendants)**

47. Plaintiffs hereby repeat and reallege each and every allegations in paragraphs 1 through 46, inclusive as if fully set forth herein.

48. Defendants owed and breached duties in whole or in part defined by statute, rule, ordinance, or other policy, procedure, and practice which was in whole or in part in place to guard against, prevent, limit, or reduce actions and inactions such as the kind which occurred. Plaintiffs were in the class of people who were intended to be protected by the rules referred to above when considering that rules regarding community policing according to appropriate standards were there so as to prevent or eliminate the serious injuries to Plaintiff Shakira. Plaintiffs reserve the right to outline or delineate specific rules violated depending on discovery and at trial.

49. In the alternative and in addition, Plaintiffs claim and reserve the right to claim the acts and omissions referred to in this Count and incorporated through the Section of Facts constituted gross negligence and in wanton reckless disregard when all factors are considered as a whole.

50. As a direct and proximate result of the foregoing, Plaintiffs suffered significant injuries including but not limited to pain and suffering, and mental anguish as may be further illustrated at trial.

### SEVENTH COUNT AND CAUSE OF ACTION
**(Separate Claims of Negligence, Gross Negligence and Reckless Disregard for acts and omissions related to holding Defendant Officers King and Goodman Accountable)**

51. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 50, inclusive, as if fully set forth herein.

52. Defendants owed and breached duties to take adequate affirmative steps to work adequately with the appropriate prosecuting authorities, investigators and personnel both within the City, State authorities, and Federal authorities so as to allow, cause, advance, and to take reasonable steps to cause the appropriate and timely punishment, and/or disciplinary measures, and/or ultimate prosecution of Defendants King and Goodman who were responsible for the acts and omissions referred to above. Defendants have unreasonably delayed and continue to delay in taking reasonable steps to assure accountability under rule of the Department, or law designed to impose criminal and/or civil remedies against Defendants for their failures as outlined in this Complaint.

53. In the alternative and in addition, Plaintiffs claim and reserve the right to claim the acts and omissions referred to in this Count and incorporated through the Section of Facts constituted gross negligence and in wanton reckless disregard when all factors are considered as a whole.

54. As a direct and proximate result of the foregoing, Plaintiffs suffered significant injuries including but not limited to pain and suffering, and mental anguish, as may be further illustrated at trial.

**PRAYER FOR APPROPRIATE RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Toni Borden on behalf of her daughter, Shakira Thomas, a minor, requests that upon a jury trial of this cause, the Court will award all relief due the Plaintiffs as set forth herein, including but not limited to the following:

A. Order that the Defendants pay the Plaintiffs a sum in excess of $150,000 as compensatory damages arising from the aforesaid misconduct of Defendants as set forth herein, and enter judgment against Defendants and in favor of the Plaintiffs in the amount to be determined by a jury, or in such amount as found due and owing by the jury and/or this Court;

B. Order that the Defendants pay to the Plaintiffs a sum in punitive damages sufficient to deter these Defendants and other similarly situated from like conduct in the future;

C. Retain jurisdiction over this action to ensure full compliance with the Court's orders and require the Defendants to file such reports as the Court deems necessary to evaluate such compliance;

D. Order the Defendant to pay Plaintiffs' costs and expenses, including expert witness fees and reasonable attorney's fees, medical expenses, and prejudgment interest on all amounts found due and owing, including, but not limited to, those attorney's fees found properly awardable pursuant to 42 U.S.C. § 1988(b); and

E. Grant such other and further relief, of either an equitable or legal nature, to the Plaintiffs' as the Court deems just and proper.

RESPECTFULLY SUBMITTED, this the 23rd day of October, 2020.

                                        **TONI BORDEN on behalf of her children, SHAKIRA THOMAS and JAMEEL MUHAMMAD, both minors, Plaintiffs**

                              **By:**    */s/ Carlos E. Moore*
                                            **Carlos E. Moore, MSB# 100685**
                                            **Jasmine T. Bogard, MSB# 105908**

OF COUNSEL:

**THE COCHRAN FIRM – Mississippi Delta**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com
       jbogard@cochranfirm.com