IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TONI BORDEN on behalf of her**                                   **PLAINTIFFS**
**minor children, S. T. AND J. M.**

    **vs.**                                 **CIVIL ACTION No.: 3:20-CV-682-HTW-LGI**

**CITY OF CANTON, MISSISSIPPI;**
**OTHA BROWN, individually and in**
**his official capacity as CHIEF OF POLICE**
**FOR THE CITY OF CANTON, MISSISSIPPI;**
**JASMINE KING individually and in her**
**official capacity as a CANTON POLICE OFFICER;**
**and JEREMY GOODMAN, individually and in his**
**official capacity as a CANTON POLICE OFFICER**               **DEFENDANTS**

## ORDER

BEFORE THIS COURT is a Motion to Dismiss filed by the defendants. **[Docket no. 9]**. Defendants allege that plaintiffs failed to provide a notice of claim to them as a mandatory pre-suit requirement of Miss. Code Ann. § 11-46-11[1].

---

[1] (1) After all procedures within a governmental entity have been exhausted, any person having a claim under this chapter shall proceed as he might in any action at law or in equity, except that at least ninety (90) days before instituting suit, the person must file a notice of claim with the chief executive officer of the governmental entity.

    (2)(a) Service of notice of claim shall be made as follows:

        (i) For local governments:

            1. If the governmental entity is a county, then upon the chancery clerk of the county sued;

            2. If the governmental entity is a municipality, then upon the city clerk.

        (ii) If the governmental entity to be sued is a state entity as defined in Section 11-46-1(j), or is a political subdivision other than a county or municipality, service of notice of claim shall be had only upon that entity's or political subdivision's chief executive officer. The chief executive officer of a governmental entity participating in a plan administered by the board pursuant to Section 11-46-7(3) shall notify the board of any claims filed within five (5) days after receipt thereof.

    (b) Every notice of claim shall:

        (i) Be in writing;

        (ii) Be delivered in person or by registered or certified United States mail; and

        (iii) Contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought, and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

Strict compliance with the 90-day notice requirement of the Tort Claims Act is mandatory. *University of Mississippi Medical Center v. Easterling* (Miss. 2006) 928 So.2d 815, rehearing denied, certiorari denied 127 S.Ct. 549, 549 U.S. 995, 166 L.Ed.2d 369. (overruling *Jackson v. City of Wiggins*, 760 So.2d 694, *City of Pascagoula v. Tomlinson*, 741 So.2d 224, *Jackson v. City of Booneville*, 738 So.2d 1241, *Williams v. Clay County*, 861 So.2d 953, *Leflore County v. Givens*, 754 So.2d 1223, and *Jones ex rel. Jones v. Miss. Sch. for Blind*, 758 So.2d 428.)

Plaintiffs respond in opposition, arguing that they mailed their notice of claim on March 26, 2020, by certified mail with a return receipt requested to both the City of Canton, Mississippi, and to Chief Otha Brown. Plaintiffs also attached as exhibits to their response in opposition the following exhibits: the notice of claim letter; the return receipt for the City of Canton, Mississippi; and the return receipt for Chief Brown.

---

(3)(a) All actions brought under this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after, except that filing a notice of claim within the required one-year period will toll the statute of limitations for ninety-five (95) days from the date the chief executive officer of the state entity or the chief executive officer or other statutorily designated official of a political subdivision receives the notice of claim.

(b) No action whatsoever may be maintained by the claimant until the claimant receives a notice of denial of claim or the tolling period expires, whichever comes first, after which the claimant has an additional ninety (90) days to file suit; failure to file within the time allowed is an absolute bar to any further proceedings under this chapter.

(c) All notices of denial of claim shall be served by governmental entities upon claimants by certified mail, return receipt requested, only.

(d)(i) To determine the running of limitations periods under this chapter, service of any notice of claim or notice of denial of claim is effective upon delivery by the methods statutorily designated in this chapter.

    (ii) The limitations period provided in this section controls and shall be exclusive in all actions subject to and brought under the provisions of this chapter, notwithstanding the nature of the claim, the label or other characterization the claimant may use to describe it, or the provisions of any other statute of limitations that would otherwise govern the type of claim or legal theory if it were not subject to or brought under the provisions of this chapter.

(4) From and after April 1, 1993, if any person entitled to bring any action under this chapter shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the action within the time allowed in this section after his disability shall be removed as provided by law. The savings in favor of persons under disability of unsoundness of mind shall never extend longer than twenty-one (21) years.

Miss. Code. Ann. § 11-46-11 (West)

The United States Postal Service return receipt to the City indicates that the notice of claim had been received by the City on May 18, 2020. The date of delivery box, however, does not contain a date on which it had been delivered to the City.

The United States Postal Service return receipt to Chief Brown indicates that the notice of claim had been received by Chief Brown on April 1, 2020. The date of delivery box, however, indicates that it had been delivered on March 30, 2020.

Plaintiffs thereafter filed their complaint in this federal forum on October 23, 2020, more than ninety (90) days after both notice of services had been served on defendants.

This court finds that plaintiffs filed their notice of claims with the proper parties, thereby satisfying the mandate of Miss. Code Ann. § 11-46-11. Defendants agree. Since the filing of their motion and examination of plaintiffs' certified return receipts (Exhibits A, B, and C), showing the dates on which the United States Postal Service had delivered to Chief Brown and the City of Canton plaintiffs' notice of claim, defendants have conceded their motion. Accordingly, defendants' motion to dismiss must be denied.

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss [Docket no. 9] **is hereby DENIED.**

**SO ORDERED** this the 8th day of September, 2021.

                s/ **Henry T. Wingate**
                **UNITED STATES DISTRICT COURT JUDGE**